# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ELIJAH JIMMY WILLIAMS, JR.,
  Appellant,

v.

DEPARTMENT OF VETERANS
  AFFAIRS,
  Agency.

DOCKET NUMBER
AT-4324-15-0702-I-1

DATE: March 1, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Elijah Jimmy Williams, Jr.</u>, Lithonia, Georgia, pro se.

<u>Jeremy Vance Tramel</u>, Decatur, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal filed under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant is employed as a Restoration Technician, GS-0644-09, with the agency in Decatur, Georgia. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 16. His initial pleading shows that he filed a USERRA complaint with the Department of Labor (DOL) and that DOL investigated and closed out the complaint. IAF, Tab 1 at 6-7. The appellant asserted that the full performance level for his position is GS-11, and the agency's failure to noncompetitively promote him to that grade violated his rights under USERRA. *Id.* at 3. In response to the agency's motion to dismiss, IAF, Tab 4, the administrative judge issued an order informing the appellant of his jurisdictional burden of proof, IAF, Tab 5. When the appellant did not timely respond, the administrative judge issued the initial decision. IAF, Tab 6, Initial Decision (ID). The administrative judge found that the appellant exhausted his administrative remedies with DOL, but failed to nonfrivolously allege that the agency violated his rights pursuant

to [38 U.S.C. § 4311](a) or (b).[2]  ID at 2-4.  The administrative judge dismissed the appeal for lack of jurisdiction.  ID at 4-5.

¶3     The appellant filed a petition for review.[3]  Petition for Review (PFR) File, Tab 1.  On review, the appellant challenges the agency's representation that he had reached the full performance level for his particular position, suggesting that the position had promotion potential to GS-11 at an earlier time, but had been downgraded.  PFR File, Tab 3 at 7.  He asserts that the agency did not promote him to GS-11 in retaliation for his union activity.  *Id.* at 7.  He also asserts that the agency was obligated to appoint him to a position at the GS-11 level pursuant to [38 U.S.C. § 4214](b)(1)(A).  PFR File, Tab 3 at 6; *see* PFR File, Tab 1 at 5-6.

¶4     Based on our review, we find that the appellant has not alleged any reason for the Board to grant his petition for review.  *See* [5 C.F.R. § 1201.115].  He has not shown that any of the administrative judge's factual determinations are incorrect and of sufficient weight to warrant an outcome different from that of the initial decision.  [5 C.F.R. § 1201.115](a).  He incorrectly asserts that he is due a noncompetitive career ladder promotion to GS-11 based on the position description for Position Number 4991.  PFR File, Tab 3 at 9.  However, the appellant does not encumber Position Number 4991.  Instead, he encumbers Position Number 5472, the full performance level for which is and has been at the

---

[2] The administrative judge explained that the facts of the case do not implicate any violation of reemployment rights under USERRA.  ID at 2 n.1.  Although the appellant argues that his employment or reemployment rights were violated, Petition for Review (PFR) File, Tab 1 at 4-5, we find that the administrative judge properly analyzed his complaint under the USERRA provisions pertaining to discrimination.

[3] The administrative judge issued the jurisdictional order on August 18, 2015, with a 10-day period in which to respond.  IAF, Tab 5 at 7.  On August 31, 2015, the appellant filed with the Clerk of the Board (Clerk) a document entitled "Supplement to PFR" via the e-Appeal system under MSPB Docket No. AT-3443-15-0677-I-1.  PFR File, Tab 1 at 1.  The text of the pleading, however, referenced the docket number for the instant appeal and states that the pleading is in response to the agency's motion to dismiss.  *Id.* at 4.  The Clerk treated the appellant's filing as a premature petition for review and granted sua sponte an extension of time in which he could file a petition in response to the September 1, 2015 initial decision.  PFR File, Tab 2.

GS-09 level.  PFR File, Tab 3 at 10; IAF, Tab 4 at 16, 34; *see id.* at 17, 22, 27, 30.

¶5    The appellant likewise has not shown that the initial decision was based upon an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case.  5 C.F.R. § 1201.115(b); *see* ID at 4.  Specifically, he failed to allege facts, which, if proven, could establish that his nonpromotion to GS-11 was based upon his former military service, or upon his activities to enforce protections afforded to any person under chapter 43 of title 38 of the U.S. Code.  *See* 38 U.S.C. § 4311(a), (b); *Tindall v. Department of the Army*, 84 M.S.P.R. 230, ¶ 8 (1999).  Indeed, he argues on review that the agency refused to promote him in retaliation for his labor-related activities.  PFR File, Tab 3 at 7-8.  Although the appellant argues that 38 U.S.C. § 4214(b)(1)(A) entitles him to employment in a GS-11 position,[4] *id.* at 6, we cannot infer Board jurisdiction on that basis, *see Antol v. Perry*, 82 F.3d 1291, 1296-98 (3d Cir. 1996) (declining to infer a private right of action for an agency's failure to comply with 38 U.S.C. § 4214(c)).

¶6    The appellant also has not alleged that the administrative judge abused his discretion.  5 C.F.R. § 1201.115(c).  He likewise has not submitted any new evidence or argument that was unavailable despite his due diligence when the record closed below.  5 C.F.R. § 1201.115(d).  The appellant appended several items to his petition for review, including documents pertaining to his position description.  PFR File, Tab 3 at 9-13.  These items are discussed above.  He additionally included a copy of 38 U.S.C. § 4214, PFR File, Tab 3 at 14-15; a 2006 complaint of employment discrimination, *id.* at 16-21; a series of email messages from June 2015 regarding his leave requests and a pending disciplinary investigation, *id.* at 22-27; and a copy of his collective bargaining agreement, *id.*

---

[4] Qualified veterans are eligible for veterans recruitment appointments and for subsequent career-conditional appointments up to and including the level of GS-11 or equivalent.  *See* 38 U.S.C. § 4214(b)(1)(A).

at 28-355. The appellant has not asserted that these items were unavailable to him before the record closed.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Moreover, with the exception of the statute, these documents do not address the dispositive issues before the Board in a USERRA appeal.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  Accordingly, we find the initial decision to be correctly decided and affirm the decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.